IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ANDREW BRYCE OWENS                                                                    PLAINTIFF

v.                                       Civil No. 1:21-cv-1054

JONATHAN MESSER, 13th Judicial DTF;
ANTHONY ROSS, 13th Judicial DTF; and
RICKY ROBERTS, Sheriff Union County                                              DEFENDANTS

# ORDER

On January 18, 2022, the parties consented to have the undersigned conduct all proceedings in this case including a jury or nonjury trial and to order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 12). Before the Court is Plaintiff's failure to comply with orders of the Court.

Plaintiff Andrew Bryce Owens filed this 42 U.S.C. § 1983 action *pro se* on November 5, 2021. (ECF No. 1). His application to proceed *in forma pauperis* ("IFP") was granted that same day. (ECF No. 3). On April 26, 2022, Defendant Ross filed a Motion to Dismiss. (ECF No. 16). The following day, the Court ordered Plaintiff to file a response to the motion by May 18, 2022. In the order Plaintiff was advised that failure to timely comply would result in dismissal of this case. (ECF No. 18). Plaintiff did not respond, and the order was not returned as undeliverable.

On May 24, 2022, the Court entered an order directing Plaintiff to show cause by June 14, 2022, as to why he failed to comply with the Court's order to respond to Defendant Ross's motion to dismiss. (ECF No. 19). This order again informed Plaintiff that failure to timely comply would result in dismissal of this case. Plaintiff did not respond, and the show cause order was not returned as undeliverable.

1

On June 13, 2022, the Court received a notice from Plaintiff that his address of record had changed. (ECF No. 22). In an abundance of caution the Court issued a second show cause order giving Plaintiff until July 5, 2022, to inform the Court as to why he failed to file a response to the motion to dismiss. (ECF No. 23). Plaintiff was again informed that failure to respond to the show cause order would result in dismissal of this case. To date, Plaintiff has not responded, and the second show cause order has not been returned to the Court as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to comply with orders of the Court and failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court

finds that this case should be dismissed.  Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

    **IT IS SO ORDERED** this **6th day of July 2022**.

                                           /s/ Barry A. Bryant
                                           HON. BARRY A. BRYANT
                                           UNITED STATES MAGISTRATE JUDGE